IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 15, 2002

## STATE OF TENNESSEE v. JOSEPH G. BATTS

**Direct Appeal from the Criminal Court for Davidson County**
**No. 99-D-2290     Cheryl Blackburn, Judge**

_____

**No. M2001-00896-CCA-R3-CD - Filed September 11, 2002**

_____

The appellant, Joseph Batts, was convicted by a jury of the offense of rape. He was sentenced to a term of twelve (12) years in the Tennessee Department of Correction. In this appeal he contends that the evidence is insufficient to sustain the conviction for rape and that his sentence is excessive. After carefully reviewing the record as presented, we are of the opinion that the evidence is legally sufficient to support the conviction. Moreover, in the absence of a transcript of the sentencing hearing we must presume the sentence is correct. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Leslie Bruce, at trial and sentencing; and C. LeAnn Smith, on appeal, for the appellant, Joseph G. Batts.

Paul G. Summers, Attorney General & Reporter; Patricia C. Kussmann, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Grady Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On the afternoon of July 20, 1999, the female victim in this case went to a bar and restaurant located in the alley of the Arcade in downtown Nashville. There she met friends and remained in the bar until about 9:45 p.m. When she left the bar she attempted to go to her car, which was parked in a nearby bank parking garage. Finding the gates in and out of the garage were closed, the victim decided to return to the bar. On her way she encountered the appellant, who she noticed was wearing a blue shirt. He asked the woman if anything was wrong. She told him no and thanked him for his concern.

When the victim reached the bar she found that it was closed. As she started to leave, the appellant stepped in front of her and identified himself as a security guard. He told her that he had received complaints about her stumbling around the area. The appellant escorted the victim into the locked Arcade where he asked her what had happened. The victim explained the situation with the parking garage, and the appellant asked if he could call anyone for her. The woman gave the appellant the name of an individual in Murfreesboro, and the appellant appeared to make a call to directory assistance. He told the woman that the name of the person she had given him had no listing in Murfreesboro. The appellant refused to allow the victim to use his mobile phone.

Eventually, the appellant informed the victim that he was going to frisk her, and he asked her if she knew what that meant. She stated that she did and demanded that the appellant call the police. He refused. Fearing she was in danger the victim accompanied the appellant to a restroom where he inspected the contents of her purse. He asked the woman how long it had been since she had been with a man. The victim replied she was afraid of the appellant because he was a large man. The appellant then asked the victim what she could do for him so he would not call the police. The woman replied, "Nothing, absolutely nothing."

The appellant ordered the victim to stand up against a wall with her legs spread. He pulled up the woman's sweater and fondled her breasts. He also placed his hand into her panties. As the appellant and the victim left the restroom he told her he had to perform a strip and body cavity search. Despite her protests the victim acceded to the appellant's demands to return to the restroom where she removed her clothing. When she was nude the appellant again fondled her breasts and inserted his fingers in her vagina.

When the appellant finished with the victim he drove her to Hermitage. His car had a screwdriver stuck into the hole for the radio antenna. During the drive he repeatedly told the victim not to tell anyone what had happened or both of them would lose their jobs. At the victim's request the appellant dropped her off at a gas station. She entered the station where she began crying. The victim informed the station attendant that a security guard at the Arcade was after her. The attendant called the police who arrived, took a statement from the victim, and drove her to the hospital.

Officers went to the Arcade and found the appellant working there as a janitor. He was dressed as the victim described except he had on a green shirt instead of a blue one. However, a surveillance tape of the Arcade for the evening in question shows the appellant walking through the Arcade with a female and wearing a blue shirt. In the tape the appellant wears a blue shirt until 2:49 a.m. after which he appears in a green shirt.

Sufficiency

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994);

State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. Id. The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. See Tenn. R. App. P. 13(e); Harris, 839 S.W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." See Tuggle, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence in evaluating the convicting proof. State v. Tilson, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial evidence." Id. at 779.

The appellant claims the evidence is insufficient to support his conviction. In the instant case the State charged the appellant with having committed the rape through posing as a security guard. Therefore, pursuant to Tennessee Code Annotated section 39-13-503(a)(4) the State was required to prove the unlawful sexual penetration of the victim accomplished by fraud.

The appellant first complains that because the victim consented to the sexual penetrations to which she was subjected and no force or coercion was used by the defendant, her testimony must be corroborated because she is essentially an accomplice. This argument might have some validity had this been a statutory rape prosecution. See, e.g. State v. McKnight, 900 S.W.2d 36, 48 (Tenn. Crim. App. 1994). However, with respect to the offense of rape the legislature has provided that fraud in either the act of sexual penetration or in the inducement of the sexual act so vitiates the victim's consent that the act of sexual penetration is considered non-consensual. See State v. Tizard, 897 S.W.2d 732, 742 (Tenn. Crim. App. 1994); State v. Raymond Mitchell, III, No. 01C01-9612-CR-00502 1999 Tenn. Crim. App. LEXIS 857 (Tenn. Crim. App. at Nashville, filed July 30, 1999). Therefore, in this case the victim's testimony need not be corroborated and is sufficient standing alone to support the conviction of rape.

Secondly, the appellant argues that the credibility of the victim is questionable because she had been drinking on the night of the incident. However, as noted earlier, determinations of credibility are reserved for the fact finder and this Court will not disturb those findings. It is clear from its verdict that the jury found the victim credible and that determination ends the matter.

Finally, the appellant argues that the State failed to prove fraud because there was no proof that he was wearing the black uniform or the badge of Arcade security. However, according to the victim, the appellant represented himself as a security guard, he gave orders and conducted himself as if he had the authority to order the victim in the manner he did, and the victim apparently believed he was a security guard. Under these circumstances we believe fraud was sufficiently proven for purposes of establishing the appellant's guilt of rape. This issue is without merit.

<u>Sentencing</u>

In his last issue presented for review the appellant alleges that the trial court erroneously applied two enhancement factors and erroneously failed to apply certain mitigating factors. This, the appellant claims, resulted in his receiving an excessive sentence of 12 years incarceration, the maximum for the appellant's offense and range. We are unfortunately precluded from reviewing this issue because there is no transcript of the sentencing hearing in the record before us. We must therefore presume the sentence imposed was proper. <u>State v. Keen</u>, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999); <u>State v. Oody</u>, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991).

This issue is therefore without merit.

<u>Conclusion</u>

In light of the foregoing, the judgment and sentence of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE